IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR BERRY, #1603766 & #369410, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2735-N-BK |
| | § | |
| BRIAN SCOTT EVERITT, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On October 12, 2016, Plaintiff, then a Dallas County Jail inmate,[1] filed a *pro se*, amended civil rights complaint along with a motion for leave to proceed *in forma pauperis*. Doc. 6; Doc. 4. For the reasons that follow, it is recommended that this case be summarily **DISMISSED** as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has accrued three strikes under section 1915(g). Before this lawsuit was filed, this Court dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e), three non-habeas civil actions Petitioner filed while he was confined at the Dallas County Jail. *See Berry v. Grett*, 3:08-CV-

---

[1] Plaintiff recently notified the Court that he has been transferred to the Mansfield Law Enforcement Center in Mansfield, Texas. Doc. 7 at 1-2.

1052-M (N.D. Tex. July 28, 2008), Order Accepting Recommendation (filed while confined under prisoner No. 08051920); *Berry v. Bennett*, 3:10-CV-2160-D-BK (N.D. Tex. Dec. 6, 2010), Order Accepting Recommendation (filed while confined under prisoner No. 10049096); *Berry v. Hudgins*, 3:11-CV-085, 2011 WL 334816 (N.D. Tex. 2011), Order Accepting Recommendation, 2011 WL 335313 (filed while confined under prisoner No. 10049096).[2]

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). Here, Plaintiff only complains of his underlying criminal charges. Doc. 6 at 4. Thus, even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury.

For the foregoing reasons, the Court concludes that Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

It is recommended that Plaintiff's motion to proceed *in forma pauperis*, Doc. 4, be **DENIED**, and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis*

---

[2] Although filed using different prisoner booking numbers, each booking number corresponds to the same name and birthdate (June 25, 1961) for Petitioner, thus, the Court finds that all of the prior actions were indeed filed by Petitioner.

lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee.[3]

Further, the Clerk of the Court is directed to add the following aliases for Petitioner to the docket sheet: Arthur Lee Berry and Arthur L. Berry.

**SIGNED** October 24, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] A $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not been granted leave to proceed *in forma pauperis*.